## The State v. M. White.

INDICTMENT FOR BURNING PRAIRIE.—An indictment charging that defendant "on the first day of December, A. D. 1872, did, * * in the county of Grayson, willfully burn certain prairie, the said prairie not being his own," held to be good.

APPEAL from Grayson. Tried below before the Hon. C. C. Buckley.

*George Clark, Attorney General,* for the State.

No brief for appellee.

REEVES, ASSOCIATE JUSTICE.—The indictment charges the defendant, White, with burning the prairie, not being his own, on the 1st day of December, 1872.

The defendant filed a motion to quash—

1. Because the indictment disclosed no offense.

2. It does not charge that the offense took place between the 1st of July and 15th of February succeeding.

The motion was sustained by the court and the indictment was quashed, and the State appeals.

There is no appearance for the defendant by brief or otherwise, and nothing in the record showing on which one of the grounds the court acted in quashing the indictment. It may have been because the State would not be required to prove the particular day mentioned in the indictment, but only that the act was done within the period of limitation, so that the offense was not barred.

The Code provides, "If any person shall willfully burn or cause to be burned any woodland or prairie not his own, at any time between the 1st of July and the 15th of February succeeding, he shall be fined not less than fifty nor more than three hundred dollars." (Art. 2333.)

The indictment substantially charges the offense provided for by this article, and proof that the act was done

at any time between July and February, and not so remote as to be barred by limitation, would warrant a conviction. The allegation that the act was done on the first day of December is sufficient without averring that this was between July and February.

"Where it was made a statutory offense to exhibit lights to persons at sea between September and April, an allegation that the defendant exhibited lights on the 9th March was held sufficient without specifically averring that he did so between September and April." (Wharton's Precedents of Indictment and Pleas, 9.)

The judgment is reversed and case remanded.

REVERSED AND REMANDED.