JOHN BYRD v. STATE.

No. 1910. Decided November 13, 1912.

Rehearing Denied January —, 1913.

**1.—Occupation—Selling Intoxicating Liquors—Local Option—Jurisdiction.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, defendant moved to transfer the case from the District Court to the County Court, the motion was properly overruled. Fitch v. State, 58 Texas Crim. Rep., 366, and other cases.

**2.—Same—Indictment—Approved Precedent.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the indictment followed approved precedent, the same was sufficient. Following Mizell v. State, 59 Texas Crim. Rep., 226, and other cases.

**3.—Same—Indictment—Date of Offense—Passage of Law.**

Where the date of the offense was alleged to be fifteen months after the law became effective under which defendant was prosecuted, it was not necessary to allege in the indictment that the offense occurred subsequent to the passage of the law.

**4.—Same—Indictment—Date of Offense—Limitation.**

Where the indictment alleged that defendant on a given date pursued the business and occupation of selling intoxicating liquors in local option territory, such allegation would admit proof that he was engaged in such occupation within any time prior to the presentment of the indictment within the period of limitation, and in this instance, subsequent to the enactment of the law covering the months charged in the indictment, and it was not necessary to repeat the allegation that he was pursuing such business or occupation each time a sale was alleged to have been made. Davidson, Presiding Judge, dissenting.

**5.—Same—Rule Stated—Certainty—Indictment.**

The certainty required in an indictment is only such as will enable the defendant to plead the judgment that may be given upon it in bar of any prosecution for the same offense.

**6.—Same—Distinct Offense—Felony—Sale.**

Where the indictment charged the defendant with pursuing the business or occupation of selling intoxicating liquors in local option territory, the same is a distinct offense from making a sale of intoxicating liquors in local option territory and is a felony. Fitch v. State, 58 Texas Crim. Rep., 366.

**7.—Same—Witnesses—Indictment—Indorsement.**

Where the main State's witnesses were indorsed on the indictment, a motion requiring the State to indorse on the indictment the names of all its witnesses was correctly overruled.

**8.—Same—Jury and Jury Law—Challenges.**

Where one of the jurors was excused by the State, and the other juror said that the opinion he had formed from hearsay would not influence his verdict, and he was challenged by both the State and the defendant, and no objectionable juror served in the case, there was no error.

**9.—Same—Argument of Counsel.**

Where the remarks of State's counsel were not of that nature that would call for a reversal, and the jury were orally instructed not to consider the same, there was no reversible error.

**10.—Same—Evidence—Other Sales.**

Where the indictment charged defendant with pursuing the business or occupation of selling intoxicating liquors in local option territory on a certain date, there was no error in admitting testimony of sales of whisky on dates other than the dates named in the indictment.

**11.—Same—Age of Witness.**

There was no error in permitting the State to introduce testimony of the age of the State's witness.

**12.—Same—Evidence—Other Transactions.**

Upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, there was no error of admitting testimony of large shipments of intoxicating liquor about this time to the defendant.

**13.—Same—Evidence—Custom.**

Upon trial of selling intoxicating liquor as an occupation in local option territory, there was no error in the court's refusal to permit defendant to show that it was the custom of patrons of his place of business to have defendant order intoxicating liquors for them.

**14.—Same—Evidence—Self-Serving Declarations.**

Where defendant did not testify in the case, he could not make evidence for himself by proving by others that on a given occasion he had told them certain things.

**15.—Same—Charge of Court—Bill of Exceptions.**

Where the objections to the court's charge was that the court erred in charging the jury as follows, and then set out the paragraph of the charge without pointing out the error complained of, the same cannot be considered on appeal.

**16.   Same—Rule Stated—Civil Cases—Practice on Appeal.**

The rule in criminal cases under Article 743, Code Criminal Procedure provides that no criminal case shall be reversed on account of error in the charge of the court, unless the charge is excepted to at the time of the trial or in the motion for new trial and the error pointed out, and shall not be regarded as excepted to as in civil cases.

**17.—Same—Reasons of the Rule.**

As to why the Legislature, as to exceptions to the charge of the court, made a distinction between civil and criminal cases, is not a question for the court, but for the law making body, and this construction has been followed by the Court of Criminal Appeals for over twenty years. Following Quintana v. State, 29 Texas Crim. App., 401, and other cases.

**18.—Same—Rule Stated—Error Must Be Pointed Out.**

While the complaint to the charge of the court may be preserved by bill of exceptions or by a ground in the motion for new trial, yet, in either event,

the alleged error must be specifically pointed out or it will not be considered on appeal. Following Sims v. State, 30 Texas Crim. Rep., 605, and other cases.

**19.—Same—Legislation Suggested—Procedure.**

See opinion for suggestions to the Legislature to provide one rule of procedure on appeal applicable alike to all courts and to all cases whether civil or criminal, felony or misdemeanor.

**20.—Same—Practice on Appeal—Objections to Charge of Court.**

The Court of Criminal Appeals, as the law now stands, cannot consider complaints of the charge of the court nor the failure to give the special charges requested, unless the same are pointed out and reserved as the law directs, or unless fundamental error is presented.

**21.—Same—Sufficiency of the Evidence.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the evidence sustained the conviction, there was no error.

Appeal from the District Court of Brown. Tried below before the Hon. John W. Goodwin.

Appeal from conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two and one-half years imprisonment in the penitentiary.

The opinion states the case.

*Harrison & Wayman,* for appellant.—On question of insufficiency of the indictment: Fleming v. State, 62 Tex. Crim. Rep., 653, 139 S. W. Rep., 598; Pridemore v. State, 59 Tex. Crim. Rep., 563, 129 S. W. Rep., 1112; Mizell v. State, 59 Tex. Crim. Rep., 226, 128 S. W. Rep., 125; Bell v. State, 62 Tex. Crim. Rep., 242, 137 S. W. Rep., 670; Fitch v. State, 58 Tex. Crim. Rep., 366; 14 Cys., 496; Com. v. Bessler, 30 S. W. Rep., 1012.

On question of defendant's declarations: McGowen v. McGown, 52 Texas, 657; 11 Enc. of Ev., p. 302; Whites Penal Code, Section 1236.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of pursuing the occupation of selling intoxicating liquors in local option territory, and his punishment assessed at two and one-half years confinement in the penitentiary.

Appellant moved to transfer this case to the County Court. This was decided adversely to the contention of appellant in the cases of Fitch v. State, 58 Texas Crim. Rep., 366; 127 S. W. Rep., 1040, and Mizell v. State, 59 Texas Crim. Rep., 226.

The indictment is also assailed, but we do not deem it necessary to discuss all the grounds, they having been passed on so often by this court. Mizell v. State, 59 Tex. Crim. Rep., 226, 128 S. W. Rep., 125; Slack v. State, 61 Tex. Crim. Rep., 372, 136 S. W. Rep., 1073; Dozier v. State, 62 Tex. Crim. Rep., 258, 137 S. W. Rep., 679, and cases cited. However, appellant assigns as an additional ground to

those heretofore passed on, the ground that as the indictment charged that the offense took place on or about the 5th day of October, 1910, and the law under which he was prosecuted only became effective July 10, 1909, that the indictment is invalid, because it did not contain the words "and subsequent to the passage of the law." As the date of the offense is alleged fifteen months after the law became effective, no such allegation was necessary. Indictments can only be quashed for defects apparent on the face thereof, and as the offense is alleged to have been committed subsequent to the passage of the law, it was good on its face. The authorities cited by the appellant do not sustain his contention. In Alabama, from which State a number of cases are cited by appellant, it is not necessary to allege the date of the offense, unless it is a material ingredient of the offense, and in that State an indictment in which no date was alleged, it was held that a date ought to be alleged, or the indictment make it manifest that the act was committed subsequent to the passage of the law. In this case a date is alleged, and the indictment charges the offense to have been committed subsequent to the passage of the law.

In the case of Hobnett v. State, 5 So. Rep., 518. a Mississippi case cited by appellant, the date alleged as the date of the commission of the offense was prior to the passage of the law, consequently for this defect the indictment was declared invalid. In that case it was held the indictment must allege the offense to have been committed subsequent to the passage of the law. This indictment does so charge. In the case of Massey v. State, 2 S. E., 445, a North Carolina case cited by appellant, the law as amended became effective February 16th, and thereafter on April 1st the pleader in the indictment did not allege the elements of the offense as defined by the amended act, and the indictment having alleged the offense as subsequent to the passage of the act, the court held the indictment bad because it failed to allege the elements of the offense at the alleged date of the commission thereof. As hereinbefore stated, none of the cases cited by appellant sustain his contention, but all the authorities hold the indictment valid, drawn as in this case on that issue.

Appellant further contends that as the indictment alleges "that on or about the 5th day of October, 1910, the appellant did then and there unlawfully engage in and pursue the occupation and business of selling intoxicating liquor in violation of law, and did, on a given date, make a sale to one man, and on a different date make a sale to another man," etc., "and that during the months of June, July. August, September, October, November, and December, 1910, and January, February, March and April, 1911 (all being anterior to the filing of the indictment), did make sales to persons to the grand jury unknown," it is defective in that it did not contain an additional allegation that during all that time appellant continued to engage in and pursue the business and occupation. Having alleged that appellant on a given date pursued the business or occupation, this allegation would

admit proof that appellant was engaged in such occupation within any time prior to the presentment of the indictment within the period of limitation, or, in this instance, subsequent to the enactment of the law, covering the months charged in the indictment. (Cudd v. State, 28 Texas 124; Abrigo v. State, 29 Texas Crim. App., 143; Shuman v. State, 34 Texas Crim. Rep., 69.) The offense denounced by this statute is the pursuing of a business or occupation,—not the making of a sale, but evidence that sales have been made is admissible as proof going to show that one is engaged in the business and the State having alleged that he was pursuing the occupation and business, and adduced proof as to sales over a period of time as tending to show that he was so engaged, if the State should attempt a second prosecution covering the same period of time, a plea of former conviction would necessarily be sustained, but having once made a proper allegation that he was pursuing the business and occupation, it was not necessary to repeat such allegation each time a sale was alleged to have been made, as the allegation that he on or about a given date covered and admitted proof over a period prior to the filing of the indictment generally for the full period at which the law has fixed a limitation as a bar, but in this instance from and after the law became effective until the filing of the indictment herein, and the court so limited the testimony. (Subdivision 6 of Article 439, Code of Criminal Procedure; the State v. White, 41 Texas, 64; Wharton's Precedents of Indictments and Pleas 9.) The indictment in this case follows the forms in this respect as laid down in White's Annotated Code, Secs. 156, 158, 159, 160, 162, and 163, and which have been frequently approved by this court. Our Code provides that the certainty required in an indictment is only such as will enable the defendant to plead the judgment that may be given upon it in bar of any prosecution for the same offense, and this conviction would bar any further prosecution of appellant for the offense charged, under the evidence adduced, from and after the law became effective until the date of the filing of the indictment herein.

The indictment in this case charges appellant with pursuing the business or occupation of selling intoxicating liquors, and is a distinct offense from making a sale of intoxicating liquors, and is a felony in this State, and the court did not err in so holding. Fitch v. State, 58 Texas Crim. Rep., 366.

The appellant filed a motion requiring the State to endorse on the indictment the names of all its witnesses. The court overruled the motion and in approving the bill states the indictment contained the following endorsement: "Found on the testimony of Ed Blevins: Names of witnesses: Ed Blevins, A. N. Davenport, Elmer Jones, Tom Ward, T. B. Speed, Dan Harris, T. A. Morrison, L. L. White, C. C. Lockwood," and the court states these were all of the main witnesses. As thus qualified the bill presents no error. Sec. 327 White's Ann. Proc., and authorities cited.

In two of the bills defendant complains of being required to exhaust peremptory challeges on two jurors, S. F. Haynes and W. G. Churchill. As to the juror Churchill, he did not serve on the jury; was not challenged by defendant, but was challenged by the State. As defendant did not exhaust any challenge on that juror, and he did not serve on the jury, he has no ground for complaint. The juror Haynes answered that he had an opinion formed from hearsay, but such an opinion would not influence his verdict; that he had talked with none of the witnesses. This juror was challenged both by the State and defendant, and did not serve on the jury. The court did not err in his ruling. (Subdiv. 13 of Article 673.) In addition to this it is not shown that any objectionable juror served in the case.

In another bill it is shown that defendant objected to certain remarks of the district attorney, and the court at once reprimanded that official and orally instructed the jury not to consider such remarks, and in addition to this he gave the charges requested by defendant in this respect, and under such circumstances the remarks were not of that nature that would call for a reversal of the case.

There are a number of bills of exception objecting to the court permitting witnesses to testify to sales of whisky on dates other than the date named in the indictment. The indictment charged that appellant pursued the business or occupation on or about the 5th day of October, and each sale testified to was a circumstance tending to show that appellant was engaged in that business. As we discussed this question in passing on the sufficiency of the indictment, we do not deem it necessary to do so again.

In another bill it is shown that a witness for the State was asked his age. The age of the witness could not be material in this case and the fact that he stated his age presents no error.

The record in this case discloses that appellant from on and after June 9, 1911, signed for and had consigned to him the following shipments of intoxicating liquor:

June   9—One cask of beer, weight 250 lbs.
June 22—Two boxes of liquor, weight 110 lbs.
June 29—One cask of beer, weight 250 lbs.
June 30—One box of liquor, weight 50 lbs.
July   8—Two boxes of liquor, weight 100 lbs.
July 11—Two boxes of liquor, weight 100 lbs.
July 15—Box of liquor, weight 70 lbs.
July 25—Two boxes of liquor, weight 100 lbs.
July 29—One package of liquor.

These items continue on through the months of August, September, October, November, December, January and February, showing shipments of liquors to appellant in quantities. It was shown that appellant receipted-for these shipments, and that draymen during these months delivered packages to appellant's place of business. In admitting all this testimony there was no error, as appellant was charged

with pursuing the business or occupation of selling intoxicating liquors, and it was permissible for the State to show the amount of liquors received by him, and that it was delivered at the place where the evidence would show that appellant carried on this business.

In another bill it is complained that the court refused to permit appellant to show that it was the custom of patrons of his place of business to have appellant order intoxicating liquors for them. The court permitted each witness called to testify whether or not he had requested appellant to order liquors for such witness, and it was not error to exclude evidence of the "general custom." If appellant ordered the liquors he received for others he knew that fact, and could have had such person summoned to testify in the case.

What the defendant may have told another person would be but a self-serving declaration. Inasmuch as the defendant did not testify in this case, he could not make evidence for himself by proving by others that on a given occasion he had told them certain things.

Beginning with paragraphs twenty-one up to and inclusive of paragraph thirty-two, complaints of the various paragraphs of the court's charge are criticised in the following language: "Because the court erred in charging the jury as follows, to-wit:" Then follows a paragraph of the charge. No error is pointed out, nor attempted to be pointed out, merely the paragraph of the charge being set out in haec verba. What is the object and purpose of requiring a motion for new trial to be filed in the court trying the case? Is it not to call the attention of the trial judge to the error, if error there be, that he may correct his mistake, and thus avoid the necessity of an appeal? Appellant in his brief cites us many civil cases, in which the Courts of Civil Appeals and our Supreme Court have held that in civil cases this is a sufficient assignment, and that in the assignments of error filed later, or in the propositions stated under the assignment in the brief the error may then be specifically pointed out for the first time, and asks why a more strict rule should be enforced and applied in cases where men's lives and liberty are at stake than in cases where mere property rights are affected. Upon the writer's accession to the bench he entertained the views now so forcibly presented by appellant's counsel, and gave voice to such an opinion in the case of Ryan v. State, 64 Tex. Crim. Rep., 628, 142 S. W. Rep., 878, and we feel even now that there is no just ground to make such distinction in the two character of cases, but if anything a more liberal rule should be applied in criminal than in civil cases, for life and liberty are far more dear to an individual than his property rights. Yet the Court of Criminal Appeals is not the law making power in this State, and it is bound by such rules of procedure as the law-making body may prescribe, and as the Legislature has deemed it proper to provide different rules governing appeals, we are not to pass upon the wisdom of such legislation, but merely to enforce and abide the law as they have written it. If the law is wrong this court ought not to be

requested nor expected to ignore or change the law, but application should be made to the law-making body. In its wisdom the Legislature has seen fit to prescribe in civil cases on appeal that the charge shall be deemed to have been excepted to without any exception having been taken. Article 1318 of the Revised Civil Statutes provides: "The charge of the court shall constitute a part of the record, *and shall be regarded as excepted to and subject to revision for errors therein,* without the necessity of taking any bill of exception thereto." Thus it is seen that the Legislature has provided that in civil cases the charge of the court is subject to review by the Appellate Court, although not excepted to, and this permission has been construed by the courts to be a command to review it under such circumstances, even though unexcepted to if the error be such as it might and probably did work an injury. Again, Article 1363 of the Revised Civil Statutes, provides: "The ruling of the court in giving, refusing or qualifying, if requested, instructions, shall be regarded as excepted to in all instances." However, the reverse of this is the rule in criminal cases, and made so by legislative enactments. As to why they prescribed a different rule is not for us to theorize over, but merely to obey, if they have done so. And by reading the Code of Criminal Procedure it will be seen that they have provided that the charge of the court *shall not be regarded as excepted to,* but it requires specific complaint to be made, and if this is not done we are without authority to review the charge of the court. Article 743 of the Code of Criminal Procedure provides that no criminal case shall be reversed by this court on account of error in the charge of the court unless the *charge was excepted to at the time of the trial or in the motion for new trial,* and the error pointed out.

As hereinbefore stated, as to why the Legislature made this distinction in civil and criminal cases is a question not for us to determine; that they have made it is manifest, and that they had authority so to do cannot be denied, and this court feels and has always felt bound thereby. The difference in the rules thus prescribed are best illustrated by stating that any defect in a charge in a civil case may be reached by a general demurrer or exception, and the specific objections to the charge may be called attention to by propositions under the general exception; while in a criminal case it takes a special exception to reach the error in the charge—the exception must specifically point out the error whether saved by bill of exception, or by a ground in the motion for new trial. If this difference in procedure is deemed unwise, application should be made to the Legislature to change it. And this construction is not of recent origin, as some seem to think. Emphatic attention was called to it by Judge Davidson in the case of Quintana v. State, 29 Texas Crim. App., 401 (in which the decisions are collated up to that time), and the rule there prescribed has been followed in an unbroken line of decisions now for more than twenty years. In that case he said: "The primary ob-

ject or purpose of a bill of exception reserved to a charge of the court is to call the attention of the trial judge to the particular matter complained of, so that he may be afforded an opportunity to correct any error he may have fallen into, to the end that the rights of the defendant may not be prejudiced. A general exception does not accomplish this. Another reason why the bill of exception should point out specifically the errors complained of it, to enable this court to ascertain what error was committed without having to examine other portions of the record. This is not done by a general exception. The bill must be so certain and full in its statements that the errors complained of are made to appear by the allegations of the bills itself.'' And we want to reiterate that while the complaint to the charge may be preserved by a bill of exception or by a ground in the motion for new trial, but when it is preserved in either way, the error, as stated in that opinion, *must be specifically pointed out.* (Sims v. State, 30 Texas Crim. Rep., 605; Benavides v. State, 31 Texas Crim. Rep., 173; (Meyer v. State, 33 Texas Crim. Rep., 42); Hearne v. State, 43 Texas Crim. Rep., 435; Hudson v. State, 44 Texas Crim. Rep., 251.) We have cited no cases decided since the writer of this opinion has been on the bench, but to disabuse the minds of some that this is but a recent rule of decision we have cited only opinions of our predecessors, and many more could be collated. Individually, the writer thinks the rule in both civil and criminal cases should be the same in this respect, and he also thinks the same rules of procedure should govern on appeal whether the case is a felony or misdemeanor, but the Legislature has otherwise provided, and we cannot undertake to legislate by judicial construction. In the present day and time when much is being said about simplifying court procedure, it seems to him that some one would make an effort to have the Legislature provide one rule of procedure on appeal applicable alike to all courts, and to all cases whether civil or criminal, felony or misdemeanor. We have said this much as the Legislature will shortly convene, that steps may be taken, if it is desired, to have the Legislature take action on these matters. But until the Legislature is prevailed on to act, the law as written by them will be applied to all cases on appeal. There is no sound reason that we can see why a man, when convicted for a felony, may, after adjournment of court, file an appeal bond, and be prohibited from so doing when convicted of a misdemeanor; no reason why in a felony case he should be granted ninety days to prepare and file a statement of facts and bills of exception, and only twenty days in case of a misdemeanor; no reason why in a felony case he may first complain of the charge of the court in his motion for new trial, and not be permitted also to do so in a case of misdemeanor; no reason why he should be required to ask a special charge to cure any omission in the charge in a misdemeanor case, and not be required to do so in case of a felony; no reason why he can reach any error in the charge of the court in a civil case by a general exception, or

in fact by no exception, and yet in criminal cases, of the grade of felony, be required to file a special exception and point out the error, and be absolutely denied this right in a case of the grade of misdemeanor. But such is the law, and so long as it is the law, it will be respected and followed, and as the law has thus been written, we cannot consider such complaints of the charge of the court, nor the failure to give the special charges requested, unless fundamental error be presented, and this law will be applied to all alike when called to our attention in future.

There are a great number of grounds stated in the motion for new trial, and we have carefully reviewed each of them and each bill of exception filed in the record, and none of them present reversible error. The evidence in the case shows that appellant received a very large amount of whisky, shows a number of sales, and evidence of each sale was admissible as tending to show that appellant was engaged in the business and occupation (Robinson v. State, 66 Tex. Crim. Rep., 392, 147 S. W. Rep., 245). The testimony as a whole fully supports the verdict.

The judgment is affirmed.                                    *Affirmed.*

DAVIDSON, Presiding Judge (dissenting).—I think the indictment should charge distinctly and affirmatively that the alleged sales occurred while the accused was pursuing the business of selling intoxicants. The statute requires that at least two sales be made while the accused party is engaged in the prohibited business of selling intoxicants. The two sales, or more sales, would not be sufficient unless they occur while the party was engaged in such business.

In regard to the procedure relating to exceptions to charging the jury, I have heretofore written to some extent. I will when time affords write at some length my views of such practice and what is sufficient under the present statutory provisions.

[Rehearing denied January, 1913.—Reporter.]