## Jim Cole v. The State.

No. 2737.   Decided December 23, 1913.

Rehearing denied January 21, 1914.

1.—Occupation—Intoxicating Liquors—Local Option—Sufficiency of the Evidence.

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the evidence was sufficient to sustain the conviction, there was no error.

2.—Same—Continuance—Want_ of Diligence.

Where the application for continuance, and the record on appeal, clearly showed a want of diligence to procure the attendance of absent witnesses, there was no error in overruling the motion.

3.—Same—Jury and Jury Law—Challenge.

Where the record showed that the alleged objectionable juror was qualified, and was challenged by both parties, and no other objectionable juror served on the case, there was no error.

4.—Same—Evidence—Contradicting Witness.

A witness can not be impeached on immaterial matter, and there was no error in not permitting defendant's counsel to ask State's witness whether he had bought any whisky from any other person, intending to show by such other person that no such sale had been made.

5.—Same—Evidence—Other Transactions.

Testimony by witnesses of purchases of intoxicating liquors from defendant about the date alleged in the indictment was admissible in evidence, without the indictment alleging such sale.

6.—Same—Evidence—Bill of Exceptions.

Where the bill of exceptions is wholly defective and as qualified by the trial court presented no error, there was no reversible error.

7.—Same—Requested Charge—General Objections.

Where the requested charge was substantially covered by the court's main charge, there was no error; besides, the objection thereto was entirely too general.   Following Byrd v. State, 69 Texas Crim. Rep., 35, 151 S. W. Rep., 1068.

8.—Same—Definition of Occupation—Charge of Court.

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the court gave a full, fair and complete charge under the law applicable to the facts, and also defined properly what is meant by pursuing the occupation of selling intoxicating liquors in local option territory, there was no reversible error.

Appeal from the District Court of Lamar.   Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, and *R. T. Lipscomb,* District Attorney, for the State.

PRENDERGAST, Presiding Judge.—Appellant appeals from a conviction, with the lowest punishment fixed, for pursuing the business or occupation of selling intoxicating liquors in prohibition territory.

The indictment charged that he pursued the business, and occupation on or about March 28, 1913, after prohibition was properly put in effect, and on or about that date made three separate and distinct sales of intoxicating liquor to A. Ware, and on or about the same date made another distinct sale to James Jessee, and on or about February 26, 1913, made another sale to C. E. Wales.

Ware testified positively and circumstantially to the three alleged sales to him. Wales testified to many sales of intoxicating liquors by appellant to him, some in March, 1913, and for the period of ten or eleven months before the time alleged appellant pursued said business or occupation, that he had bought whisky from him from four or five to a dozen times a week,—not every week, but sometimes a dozen times or more in a week, and that he bought whisky from appellant by the drink and by the bottle many times in October, 1911, and afterwards. Bennett testified that he had bought whisky from appellant on December 23 and 24, 1912, several times, and that from December 24, 1912, back six or eight or ten months that he had bought whisky from him as high as fifteen or twenty times. Crowley testified that he bought whisky from appellant in June, 1912, and again in June and July, 1912. Jessee testified to a state of facts that would show that he bought whisky from appellant in March, 1913.

Appellant denied all of these sales and testified that he had never sold to these or any other parties, any intoxicating liquor. Some of the State's witnesses were impeached and there was also some supporting and corroborating testimony of them. These matters were all for the jury. The evidence without question was amply sufficient to sustain the conviction.

The State makes some contest of the filing of the statement of facts, but the view we take of the case makes it unnecessary to discuss or pass upon that question. We have considered the statement of facts.

Appellant made a motion for a continuance on account of the absence of four witnesses. The bill and record show that one of these testified; that the testimony of two others was inadmissible and wholly irrelevant. Besides, one of these was within two blocks of the courthouse and no attachment was issued for him. The trial began on May 19 and was not concluded until May 21, 1913. The bill and record clearly show no diligence whatever to procure the attendance of these witnesses and the overruling of the motion presents no error.

Appellant challenged one juror, claiming he was disqualified. The bill, as allowed by the court, not only shows that this juror was qualified, but that he was challenged both by the State and appellant. He not

only did not serve, but the bill does not show that any other objectionable juror did serve, and presents no error.

By another bill appellant complains he was not permitted to ask the State's witness, Wales, whether he had bought any whisky from any other person than defendant, expecting the witness to testify that he had and intended to show by such other person that no such sale had been made, in order to affect the credibility of said witness. The bill shows that it was not permissible to ask this witness any such question for the purpose of impeaching him. A witness can not be impeached on immaterial matter not admissible.

Testimony by witnesses to purchases of intoxicating liquors from appellant about, and shortly before, the alleged offense was admissible without the indictment charging sales to such persons. This has been held uniformly by this court.

By a very meager bill, the materiality of which is not made by the bill and from which we can not understand the point attempted to be made, appellant complains that the court permitted the State to introduce the attachment bond for the witness Willis in a former case against appellant. The bill is wholly insufficient to authorize this court to review it, but as presented and qualified by the court, it presents no error.

Appellant has one bill to the refusal of the court to give a special charge he requested. It is entirely too general and not presented in such a way as to authorize this court to review it. (Byrd v. State, 69 Texas Crim. Rep., 35, 151 S. W. Rep., 1068.) However, the point attempted to be raised by the special charge was fully and substantially covered by the court's charge.

The court gave a full, fair and complete charge under the law and such charge as has many times been approved by this court. By it, the jury were required to believe, beyond a reasonable doubt, that appellant, about the time charged in the indictment, and prior to its filing, unlawfully engaged in and pursued the business of selling intoxicating liquors in prohibition territory; and further, that he did make the three different sales of intoxicating liquors to A. Ware, as alleged, and one to Jessee, as alleged, and another to Wales, as alleged, before they could find him guilty, and required that unless they so found, to acquit him.

The court also defined what is meant by pursuing the occupation or engaging in the business of selling intoxicating liquors, in effect, as has uniformly been approved by this court, and none of appellant's complaints thereto are well founded.

No error is shown in the trial of this cause. The judgment is affirmed.

*Affirmed.*

DAVIDSON, Judge, absent.

[Rehearing denied January 21, 1914.—Reporter.]