## BOONE MARTIN v. THE STATE.

### No. 4204.  Decided October 18, 1916.

**1.—Local Option—Agency—Charge of Court.**

Where, upon trial of a violation of the local option law, the defendant claimed that he acted as agent for another in the purchase of the whisky, and this issue was submitted to the jury, who found him guilty, there was no reversible error.

**2.—Same—Practice in District Court—Rebuttal.**

Where defendant claimed that the State had rested and that it could not introduce a witness to testify for the State unless it were in rebuttal after the defendant had introduced his testimony, such a contention was untenable.

**3.—Same—Evidence—Credibility of Witness—Rebuttal.**

Where defendant injected a new issue into the case, there was no error in permitting the State to introduce testimony in rebuttal.

**4.—Same—Evidence—Objections to Testimony—Rule Stated.**

Where evidence is introduced, some of which is admissible and all of it objected to without specially pointing out the particular portion which is inadmissible, there is no reversible error. Following Ortiz v. State, 68 Texas Crim. Rep., 524, and other cases.

**5.—Same — Evidence — Cross-examination — Sale — Agency — Contradicting Witness.**

Where a State's witness had made out a clear case of a sale by the defendant of the alleged whisky, but on cross-examination testified favorably to the defendant tending to show that the transaction was not a sale, but that the whisky in question had been ordered by defendant for another, there was no error in permitting the State to show that the witness had theretofore testified to a straight sale.

**6.—Same—Requested Charge—Practice on Appeal.**

Where the requested charge on the issue of agency was fully covered by the main charge, there was no error in refusing it; besides the point was not properly raised. Following Ryan v. State, 64 Texas Crim. Rep., 628 and other cases.

Appeal from the District Court of Somervell. Tried below before the Hon. W. J. Oxford.

Appeal from a conviction or a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Levi Herring* and *W. E. Myres,* ror appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for making an unlawful sale of intoxicating liquor in the prohibition county of Somervell and assessed the lowest punishment.

By its first witness, D. M., or Dock, Martin, on direct examination, the State clearly and positively made out its case against appellant, and rested without introducing any other witness. Appellant did not testify. His claim was that he had ordered the whisky for and at the instance of his uncle, Mess Martin. He then introduced Mess Martin, who was quite an old man, 84 or 85 years old, he himself testifying that he did not know his exact age. On direct examination, Mess Martin's testimony supported his contention, but on cross-examination he testified that it was in the summer of 1915 when he attended the Confederate reunion and stayed at appellant's father's; that he then told appellant to order for him some whisky. That he sent for it two or three times, but that in some two or three weeks thereafter he sent and got the whisky that he then ordered. According to the testimony, he never ordered but once. The alleged sale in this case occurred on or about January 31, 1916. The court in a full and correct charge, to which there was no objection, submitted this question to the jury and told them that if Mess Martin ordered the liquor that he delivered, which was alleged to have been a sale, and he derived no profit from handling it, but. simply acted as the agent of his uncle in procuring the same for him, or if they had a reasonable doubt of this, to acquit him. The jury evidently, as the evidence clearly justified them to find, found against him on this issue.

In one of his bills of exceptions he complains that the court erred in permitting the State to introduce any other witness after Mess Martin had testified for him and only one witness had theretofore testified for the State, because the testimony of such other witness was not in rebuttal of what his witness had testified but was independent evidence and should have been introduced before the State first rested. The statute (art. 718, C. C. P.) and all the decisions thereunder are directly to the reverse of appellant's contention. See sec. 766, White's Ann. C. C. P., where some of the cases are cited. There are many others to the same effect.

In another bill appellant objected to this testimony of the State's witness Arch Martin, viz: "I remember the transaction that occurred in January, 1916, in which myself, my brother Dock, and Marcelus Slater chipped in and got some whisky. We came here to town on January 30th, I think it was, in 1916, and we asked Dock if he would go to Boone Martin's and get some whisky. He said he would. I gave him a half dollar and Marcelus gave him a half dollar and he went up there and got a quart, and we went down on the creek and divided up," on various grounds. The court, in approving the bill, qualified and explained it as follows: "The above testimony of Arch Martin was introduced by the State in rebuttal, after the defendant, on cross-examination of the State's witness D. M. Martin had asked said D. M. Martin all the details of the transaction testified to by said witness Arch Martin, and after defendant had also introduced witness Marcelus Slater, who had also testified as to the matters so testified about by

the witness Arch Martin, and as to what was said between Dock Martin and Arch Martin and Marcelus Slater was injected into the case on cross-examination of Dock Martin and by defendant's witness Marcelus Slater, and the court permitted the State to introduce said testimony in rebuttal as to what was said upon said issue injected into the case by the defendant." As qualified the bill shows no error.

In addition to this, it is well settled that where evidence is introduced over objection, some of which is admissible and some of it is not, but all is together objected to, no error is shown. That in order to point out any error, the objection must be specially to the particular portion which is inadmissible. Clearly, all of the testimony of this witness was admissible except what they asked Dock and his reply. He did not object to this specially but included it, as stated, in his objections to the whole. This presents no error. Ortiz v. State, 68 Texas Crim. Rep., 526; Payton v. State, 35 Texas Crim. Rep., 510; Gaines v. State, 37 Texas Crim. Rep., 73, 37 S. W. Rep., 331; Tubb v. State, 55 Texas Crim. Rep., 623; Cabral v. State, 57 Texas Crim. Rep., 304; Hughes v. State, 68 Texas Crim. Rep., 587; Pinkerton v. State, 71 Texas Crim. Rep., 203; Boyd v. State, 72 Texas Crim. Rep., 523; Lopez v. State, 73 Texas Crim. Rep., 625; Francis v. State, 75 Texas Crim. Rep., 362, 170 S. W. Rep., 782; Zweig v. State, 171 S. W. Rep., 751; Ghent v. State, 76 Texas Crim. Rep., 523, 176 S. W. Rep., 566; Aven v. State, 177 S. W. Rep., 82; 1 Thomp. on Tr. (2d ed.), sec. 696.

After the State's first witness, D. M., or Dock, Martin, on his direct examination, had made out a clear case of sale by appellant to him as alleged and claimed by the State, the appellant took him on cross-examination and elicited testimony from him tending to show that the whisky he got at the time was for his father, the appellant having ordered it for him and he secured the delivery of it to him for his father; in other words, tending to show not a sale but that appellant was acting as the agent solely for his father in getting the whisky and delivering it to him for his father. The State thereupon, in examination of him, produced his written sworn testimony before the grand jury in conflict with his then testimony as to the order and delivery of the whisky thereunder and examined him thereabout. Appellant objected to this, claiming that the State could not impeach its own witness, and the testimony before the grand jury could not be used for that purpose anyway. In approving appellant's bill on this subject, the court did so with this statement and qualification: "The witness D. M. Martin testified on direct examination that he bought a quart of whisky from the defendant, Boone Martin, in January, 1916, and paid him $2 in silver for the whisky. On cross-examination he was a very willing witness for the defendant, and testified to facts and circumstances tending to show that the transaction was not a sale, and would answer in the affirmative almost any question asked him by defendant's counsel tending to prove that the whisky in question

had been ordered by defendant for his father, Mess Martin. This witness seemed to be very hostile to the State and very much in sympathy with the defendant, they being cousins. Thereafter, Arch Martin was called as a witness for the State, and testified that said witness and Marcelus Slater and Dock Martin made up the $2 and gave it to Dock, and Dock went off and came back with the whisky, and that said three parties took it to the creek and divided it up and that there was no order about said liquor. And thereafter the State recalled the witness D. M. Martin, also known as Dock Martin, and asked the question and elicited the testimony as set out in the bill, and sought to show that (by) said witness' testimony that said whisky had been ordered by the defendant for Mess Martin was an afterthought, and that he did not state it either in the court of inquiry or before the grand jury, but testified on both occasions the facts showing a straight sale to him by the defendant of the whisky. The said witness, D. M. Martin, having on cross-examination testified to facts injurious to the State's cause, and the State having shown by other witnesses that the transaction under investigation was in fact a sale, the court considered that the examination by the State, as complained of in this bill, was proper." As qualified, the bill presents no error. Besides, the statute and the decisions are all against appellant on this point. Art. 815, C. C. P.; secs. 1116 and 1046, White's Ann. C. C. P.

The only other matter complained of is the refusal of the court to give appellant's special charge on the subject of the claimed agency of appellant. The court's charge had covered this point fully, and there was no error in refusing his special charge. Besides, the point is not raised in such a way that it can be considered. Ryan v. State, 64 Texas Crim. Rep., 628; Byrd v. State, 69 Texas Crim. Rep., 35, and a large number of other cases.

The judgment is affirmed.

*Affirmed.*