## UNDEREE PHILLIPS V. THE STATE.

No. 20342. Delivered April 19, 1939.
Rehearing Denied May 31, 1939.

The opinion states the case.

*Oxford & McMillan,* of Stephenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder; the punishment assessed is confinement in the state penitentiary for a term of five years.

The State's theory was that appellant, a negro woman, willfully and deliberately killed her husband, Charley Phillips. The defendant's theory was that while they were fighting for the gun, it was accidentally discharged and resulted in his death. We think the evidence is sufficient to sustain the verdict.

Bill of exception number one reflects the following occurrence. The State offered John Wright, a deputy sheriff, as a witness, who testified that a few minutes after five P. M. appellant appeared at the sheriff's office and said that she had come to give herself up; that she had "shot Charley." The witness asked her if Charley was dead, and she replied that she did not know. She stated that she had shot him with a 410 gauge gun at a distance of from ten to twelve feet; that they had quarreled about two weeks prior thereto; that on the afternoon in question she had chased him out of the park. The witness, Wright, then left appellant in the office and went to tell the justice of the peace of the homicide. Upon his return, he informed appellant that she would have to go to jail.

Appellant objected to all of this testimony except her statement that she "gave up," on the ground that she was under arrest at the time, not warned as required by Art. 727 C. C. P., and her statement was not reduced to writing. The court overruled the objection and appellant excepted.

In his qualification to the bill, the court states that it was shown that it was approximately five or six blocks from the scene of the killing to the sheriff's office; that immediately after the shooting, appellant went directly from there to the sheriff's office. There was also testimony to the effect that the justice of the peace arrived at the place of the killing within 10 or 15 minutes after it occurred. The court admitted the testimony on two grounds: (1) That it was a res gestae statement; (2) That appellant was not under arrest at the time.

It seems to be the settled rule in this State that proof of the language and conduct of defendant a few minutes after the shooting is admissible against him if such is a part of the res gestae. In our opinion, the statement of appellant was a res gestae statement and was admissible notwithstanding the fact that appellant might have been under arrest. See the cases of Bronson v. State, 59 Texas Crim. Rep., 17; 127 S. W. 175; Powers v. State, 23 Texas Crim. Rep. 42; Rainer v. State, 148 S. W. 735.

It will be noted that appellant objected to all of the testimony of the deputy sheriff relative to the statement which the

defendant made to him, except that part of it—"I came to give up; I killed Charley."

The statement that she shot him with a 410-gauge shotgun was admissible, although her statement that they quarreled two weeks prior thereto and that she ran him out of the park might have been subject to an objection, if one had been specifically directed thereto. But her objection was a blanket objection to all of the statement, a part of which was clearly admissible. Hence the same falls within the rule announced in the following cases: Aven v. State, 77 Texas Crim. Rep., 37; Martin v. State, 80 Texas Crim. Rep., 199; 189 S. W. 264.

Bill of exception number two complains of the court's action in overruling appellant's objection to the court's charge, because it failed to define "excusible homicide." We find upon an examination of the charge in paragraph thirteen thereof, the following instruction: "Under the law of this State, homicide is excusable when the death of a human being happens by accident, though caused by the act of another."

In the following paragraph the court gave a further instruction in which the jury was told in unmistakeable language that if they believed from the evidence that the deceased and appellant were fighting for the possession of the gun and while thus engaged it was accidentally discharged, or if they had a reasonable doubt thereof, to acquit her. This, we think, was a sufficient instruction on the subject.

Bill of exception number three is without merit and we see no need in discussing it.

No error of a reversible nature appearing, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of ·Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant complains in her motion because of our failure to write in the original opinion relative to her bill No. 4, which is, in substance, based upon a purported failure of the trial court to apply the doctrine of reasonable doubt as to whether or not the appellant voluntarily killed the deceased. The court did instruct on murder with malice and without malice, also

applying the doctrine of reasonable doubt relative to the application of the facts to these phases of the murder statute. The court also instructed the jury relative to an accidental killing, and again he applied the doctrine of reasonable doubt; and the trial court again in· paragraph three of his charge gave the following charge: "3. The defendant is presumed to be innocent until her guilt is established by legal evidence beyond a reasonable doubt, and if you have a reasonable doubt as to her guilt you will find the defendant not guilty."

Also in paragraph four, immediately following the above charge, the court said: "Whoever shall voluntarily kill any person within this State, shall be guilty of murder," etc.

The complaint that is now made is that the trial court should have instructed the jury that unless they believed beyond a reasonable doubt that appellant voluntarily killed the deceased, they should acquit her; and in answer thereto it seems to us that the above referred to charges should meet that complaint, and did inform the jury that it was necessary for them to find beyond a reasonable doubt that appellant voluntarily killed the deceased before they would be justified in convicting her of any offense.

The motion will be overruled.