## Harry Cleveland Sparks v. State

No. 27,404. February 9, 1955

*Shead & Holt,* by *Nathan L. Holt,* Longview, for appellant.

*Phillip B. Baldwin,* County Attorney, *Charles A. Allen,* Assistant County Attorney, Marshall, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the possession of marihuana; the punishment, four years' confinement in the penitentiary.

A prior conviction for said offense was reversed in Sparks v. State, 159 Texas Cr. Rep. 111, 261 S.W. 2d 571, the facts not being set out in that opinion.

The evidence shows that appellant, for several days, was seen by one W. H. Rouse driving by his house about thirty minutes before sundown and returning later on in the evening, and that he reported his observations to Constable Thurman Clark.

Thereupon the Constable and Special Investigator, Seaborn

Hearell, began an investigation of the report and went down a road past the Rouse residence to a tract of land which was owned by Mrs. Nettie McKay, and after following an old log road and dim trail through a wooded area, found a patch of 10 or 12 growing plants which appeared to have been cultivated and freshly watered. The two officers then proceeded to watch the patch for three days, and on the late evening of the third day, appellant drove up in his car, stopped, got out and walked down the trail for some 100 feet, got down on his knees and started digging around the plants. As he had finished working around the third plant, Constable Clark walked up and placed him under arrest, at which time appellant threw up his hands and said, "Oh, my God."

The evidence further shows that there were found in appellant's automobile at the scene a five-gallon can of water, a fly sprayer and part of two sacks of lime and Vigoro; that the officers pulled up the growing plants and took them, together with the articles found in the car, to the district attorney's office and thereafter one of the plants and a portion of the liquid in the sprayer were mailed to the Texas Department of Public Safety at Austin for examination.

The witness Floyd E. McDonald, who was a chemist for the department, testified that his examination of the plant showed the same to be a marihuana plant; that it contained a thin film of arsenic on the leaves; that the chemical analysis of the liquid submitted revealed that it was a solution of lead arsenic which was commonly used as an insecticide and spray for plants.

Appellant did not testify in his own behalf but offered several witnesses who testified that his general reputation was good.

By Bill of Exception No. 1 appellant complains of the action of the trial court in permitting the witness, Thurman Clark, to testify that after appellant's arrest he stated to the witness, "I guess I will get ten years for this."

Appellant objected to the testimony on the ground that he had not been warned as required by law and that such statement was not a part of the res gestae.

The record shows that the statement was made about ten minutes after appellant's arrest and while appellant and the officer were standing at a car some 100 feet from the place of

arrest; that appellant, prior to and at the time he made the statement, was very nervous and upset; and that there had been a conversation between the appellant and the officer before the statement was made.

Appellant insists that such statement was not admissible under the res gestae rule because it was lacking in the element of spontaneity; that because of the lapse of time and intervening conversation there had been a break or let down between the event of the appellant's arrest and the making of the statement, and further contends that such statement was merely an expression of an opinion and had no bearing upon the transaction or any issue in the case.

Whether a given statement or declaration is or is not a part of the res gestae depends, of necessity, upon the particular facts of each case, and no fast or hard rule relative thereto has been or can be laid down.

The facts show that appellant made the statement some ten minutes after his arrest to the arresting officer and within about 100 feet of the place of his arrest, and that before and at the time of making the statement he was very nervous and upset.

Viewing these facts and circumstances surrounding appellant at the time he made the statement, the conclusion is reached that such statement was, under the circumstances, spontaneous and so connected with the transaction for which he had been arrested, that it was a part of the res gestae and as such admissible on the issue of his possession of the marihuana.

Bill of Exception No. 2 presents appellant's objection to the following statement made by the county attorney in his closing argument to the jury:

"When Mr. Rouse called the officers he did his duty. The officers did their duty. The Grand Jury has done their duty and returned an indictment in this case. And the court has done its duty in trying the case, and now it is up to you, Gentlemen of the Jury, to do your duty and I leave it with you to do your duty."

It is shown that upon appellant's objection to such argument tht court instructed the jury not to consider the fact that the grand jury had returned an indictment in the case.

Appellant insists that the statement concerning the return

of an indictment by the grand jury constitutes reversible error because it was an effort to have the jury consider the indictment as evidence of his guilt.

In view of the court's oral instruction to the jury not to consider the fact that the grand jury had returned an indictment in the case and the instruction in the court's main charge on the subject, the conclusion is reached that the effect of such argument was removed by the court's instructions and was therefore harmless.

Appellant further insists that the statement by the county attorney that the witness Rouse, the officers, the grand jury and the court, had done their duty and that it was up to the jury to do its duty, was tantamount to expressing to the jury public opinion and wishes in the case and causing the jury to believe that it was under the duty to return a verdict in accordance with such opinion and wishes. The argument is not subject to such construction. Such argument was no more than a statement that those connected with the case had done their duty and it was up to the jury to do its duty. In Cloud v. State, 150 Texas Cr. R. 458, 202 S.W. 2d 846, similar remarks by the district attorney were held not to constitute reversible error.

The evidence is sufficient to sustain the conviction, and no reversible error is shown.

The judgment is affirmed.

Opinion approved by the Court.