## W. D. WHITE V. STATE.

No. 29,881. October 8, 1958.

No attorney for appellant of record on appeal.

*Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for unlawfully possessing marihuana; the punishment, five years in the penitentiary.

In view of our disposition of the case a recitation of the facts is not deemed necessary other than to observe that the state's evidence shows that appellant was arrested at a hotel in the city of Mexia by Chief of Police Bill Parten after the chief had searched his room and found in the pocket of a coat hanging on a chair, a Velvet tobacco can containing a substance which upon being analyzed was found to be marihuana.

As a witness in his own behalf appellant denied having had the tobacco can in his possession.

While testifying as a witness for the state, Chief Parten was permitted to testify, over appellant's objection, that after appellant was arrested at the hotel and had been carried to the police station two or three blocks away and had requested the privilege of talking to the witness privately appellant orally stated to him "now, listen, I know you went up to my room there and you probably found something and I am willing to pay a $200.00 fine if you will release me and allow me to go up there and destroy that stuff." Appellant objected to such testimony on the ground that he was under arrest at the time the statement was made and had not been warned as required by the statute. The court overruled the objection and permitted the testimony on the ground that the statement made to the officer was res gestae. The state contends that the statement was admissible as a part of the res gestae because there was evidence in the record that appellant was nervous after his arrest and that the statement was made by appellant not over four or five minutes thereafter. In permitting the testimony the court fell into error.

The oral statement made to Chief Parten by appellant while under arrest was clearly not admissible as a confession under Art. 727 V.A.C.C.P.

Under the record it appears that appellant's statement made to Chief Parten at the police station following his arrest at the hotel was after premeditation, not spontaneous, and therefore not part of the res gestae. Womack v. State, 160 Texas Cr. Rep. 237, 268 S.W. 2d 140 and Grady v. State, 133 Texas Cr. Rep. 617, 113 S.W. 2d 913.

The statement was in the nature of a confession on the part of appellant and its admission in evidence was clearly harmful to him.

492

We do not consider the case of Sparks v. State, 161 Texas Cr. Rep. 100, 275 S.W. 2d 494, relied upon by the state, as here controlling because in that case the statement of the accused which we held to be admissible as part of the res gestae was made by the accused to the officer at the scene within 100 feet of the place of his arrest. Furthermore the statement was not made by the accused after a request to talk to the officer privately as was done in the case at bar.

For the error pointed out the judgment is reversed and the cause remanded.

Opinion approved by the Court.

WOODLEY, Judge, dissenting.

The majority opinion appears to me to be in conflict with Sparks v. State, 161 Texas Cr. Rep. 100, 275 S.W. 2d 494.

The distinction between walking 100 feet followed by a statement after a lapse of ten minutes (Sparks case), and riding in an automobile 3 blocks and a statement made within five minutes after arrest (the case before us) does not impress me as valid. The fact that appellant's statement was made privately to the arresting officer is not a controlling distinction.

I would sustain the trial court's ruling upon authority of Sparks v. State, supra. See also Phillips v. State, 137 Texas Cr. Rep. 206, 128 S.W. 2d 393; Wright v. State, 111 Texas Cr. Rep. 240, 13 S.W. 2d 111; and Garland v. State, 157 Texas Cr. Rep. 4, 246 S.W. 2d 204.