Rogelio Zayas MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–91–057–CR.

Court of Appeals of Texas,
Texarkana.

March 24, 1992.

**808**

Frumencio Reyes, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Rogelio Martinez was convicted of delivery of cocaine. Punishment, enhanced by a prior felony conviction, was set at fifty years' confinement and a $2,000.00 fine.

On appeal Martinez raises only one point, asserting that improper jury argument by the prosecutor requires reversal and a new trial. We disagree and will affirm the judgment.

In final argument at the guilt/innocence stage of the trial, the prosecutor made the following comments:

[MR. BUCHANAN:] The cops are out there every day putting their lives on the line.

MR. REYES: Outside the record.

THE COURT: Let's stay in the record.

MR. REYES: I'd like for the jury to be instructed to disregard the last comment.

THE COURT: That's overruled.

MR. REYES: Thank you.

MR. BUCHANAN: They're fighting the war on drugs and they're working hard. They're going undercover, doing surveillance, and when they come up on the drug bust, they are going to come up with their weapons drawn. They're our first line of defense in this war on drugs.

MR. REYES: I must object, Your Honor, as being outside the record.

THE COURT: It's argument. I'm going to let him do it.

We find no error. The prosecutor was making a plea for law enforcement. In making such a plea, it is permissible for the prosecutor to comment about the war on crime and the respective parts played in that war by the police, prosecutors, court, and jury. *Decker v. State*, 717 S.W.2d 903 (Tex.Crim.App.1983); *Holloway v. State*, 525 S.W.2d 165, 170 (Tex.Crim.App.1975); *Chatman v. State*, 509 S.W.2d 868 (Tex. Crim.App.1974); *Sparks v. State*, 161 Tex. Crim. 100, 275 S.W.2d 494 (1955); *see also Johnson v. State*, 773 S.W.2d 721 (Tex. App.—Houston 1989, pet. ref'd).

The judgment is affirmed.